**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      David T. Szawlewicz, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711<br><br>*Plaintiffs,*<br><br>v.<br><br>**STAR PAINTING & RESTORATION** and **MARYANN HOFFMAN,** individually, jointly, severally and in the alternative,<br><br>*Defendants.* | Civil Action No.:<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28 U.S.C. §1331.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendants maintained or maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) in accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Health Fund is an

employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6. Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5). The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7. Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Trustees of International Union of Painters and

Allied Trades District Council 711 Vacation Fund; and Painters District Council 711 Finishing Trades Institute (collectively "Funds") maintain their principal place of business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

8. The Funds are also the collecting agent for Labor Management Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), and the Political Action Committee ("PAC").

9. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12. Plaintiff International Union of Painters and Allied Trades District Council 711 (the "Union") brings this action for dues check-offs and other contributions owed pursuant to the collective bargaining agreement.

13. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

4

14. The Union maintains it principal place of business at 26 East Fleming Pike, Hammonton, New Jersey 08037.

15. Defendants, Star Painting & Restoration ("Star"), and Maryann Hoffman are referred to as "Defendant(s)" or "employer(s)" and "Parties in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and were or are employers in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

16. Upon information and belief, Defendants maintained or maintain their principal place of business at 20 Highland Place, Ridgefield Park, New Jersey 07760.

17. Defendants conducted or conduct business in the State of New Jersey.

## COUNT ONE

18. The Funds incorporate the allegations in Paragraphs 1 through 17 of this Complaint as if set forth herein in their entirety.

19. At all relevant times, Defendants, Star was party to or agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the District Council 711 ("the Union") or one or more local labor unions or district councils affiliated with the Union.

20. The CBA provides that Star must make specified fringe benefit contributions to the Funds as required by the Collective Bargaining Agreement for

5

Star's represented employees.

21. The foregoing CBA was executed by Defendant, Maryann Hoffman, Principal of Star Painting.

22. Despite their contractual obligation, and though they reaped the benefit of the labor provided by their employees, Defendants failed to remit the required contributions to the Funds for the benefit of their employees.

23. Defendant Star failed to remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of May 1, 2015 through November 20, 2015.

24. Payment of the delinquent contributions and penalties assessed against Star has been demanded by the Funds, but Star has refused to submit the required payments.

25. Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

26. Failure to pay the delinquencies enumerated in the CBA is violative of 29 U.S.C. §1145.

27. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable

attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Star to pay all contributions due and owing to the Funds and the Union;

(B) Order Defendant Star to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Star to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Star to specifically perform all obligations to the Funds under the CBA;

(E) Order Defendant Star to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

28. Plaintiffs incorporate the allegations of Paragraph 1 through 27 of this Complaint as if set forth herein in their entirety.

7

29. On information and belief, defendant, Maryann Hoffman, is the principal shareholder of the defendant, Star.

30. On information and belief, Defendant, Maryann Hoffman, used the respective Defendant corporation as her alter ego.

31. On information and belief, the Defendant corporation did not abide by corporate formalities.

32. On information and belief, Defendant, Maryann Hoffman, misused her Defendant corporation to advance her own interests. On information and belief, Defendant, Maryann Hoffman, misused her Defendant corporations to avoid paying legitimate claims of creditors such as Plaintiffs.

33. In plan year 2015, contributions owed to the Funds for the period including, but not limited to, May 1, 2015 through November 20, 2015 were not submitted to the Funds.

34. As a result of the misuse of said Defendant corporation, the corporate veil of said corporation should be pierced to impose personal liability on Defendant, Maryann Hoffman, for the amounts owed to Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, Maryann Hoffman, for all contributions owed to Plaintiffs, together with lawful interest, liquidated damages, reasonable attorneys' fees, costs of suit and such other and further relief which the Court deems equitable and just.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
Steven J. Bushinsky, Esquire
David T. Szawlewicz, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax: 856-795-2182
dszawlewicz@obbblaw.com

Dated: 9/26/2017